Arkansas Louisiana Gas Company v. Commissioner.
Arkansas Louisiana Gas Co. v. Commissioner
Docket No. 90065.
United States Tax Court
T.C. Memo 1963-77; 1963 Tax Ct. Memo LEXIS 269; 22 T.C.M. (CCH) 331; T.C.M. (RIA) 63077; March 15, 1963
*269 Thomas A. Harrell, Esq., First Nat'l Bank Bldg., Shreveport, La., for the petitioner. Marvin T. Scott, Esq., for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: Deficiencies have been determined by the respondent in the income tax of petitioner for the calendar years 1955 and 1956 in the respective amounts of $96,856.41 and $111,263.32. Certain of the issues raised by the pleadings have been settled by the parties as set forth in their stipulation filed herein. The only remaining issue relates to the deductibility as ordinary and necessary business expenses of the costs incident to petitioner's distribution of stock dividends during each year at issue. All of the facts have been stipulated and are found as fact whether or not reiterated herein. ArkansasLouisiana Gas Company was incorporated under the laws of the State of Delaware on March 9, 1928, under the name of Southern Cities Distributing Company. On November 30, 1934, petitioner's name was changed to ArkansasLouisiana Gas Company. During the years 1955 and 1956, petitioner maintained its principal executive offices and place of business in the Slattery Building, Shreveport, Louisiana. Petitioner *270 filed its corporate income tax return, Form 1120, for each of the years 1955 and 1956 with the district director of internal revenue at New Orleans, Louisiana. In each of the years before the Court the petitioner kept its books and filed its returns on an accrual method of accounting. On November 22, 1955, by a resolution of its board of directors, petitioner declared a 10 percent dividend on its common stock payable on December 23, 1955, to its stockholders of record at the close of business on December 2, 1955. The Guaranty Trust Company of New York was designated by petitioner as its agent to oversee the distribution of this stock dividend. In connection with and to effect payment of this stock dividend, petitioner accrued in 1955 and paid, as indicated, the following amounts: American Stock Exchange Listing Fee
$ 1,000.00
Pandick Press, Inc. - for Printing
Copies letter to Banks, Brokers and Nominees
$ 82.40
Copies Dividend Letter to Stockholders (19,000)
368.07
450.47
Security Banknote Co. - for Printing
20,000 Less - 100 Shs. common stock certificates
5,000 - 100 Shs. common stock certificates
4,500.00
Guaranty Trust Company of New York
Original issue tax on 380,160 shares
$ 3,101.89
New York State tax transfer stamps (4,438 shares)
88.76
Federal tax transfer stamps (4,438 shares)
183.75
Purchase and sale of fractional interest
17.55
Services disbursing common stock dividend
24,052.16
27,444.11
Total costs
$33,394.58
*271 On September 28, 1956, by a resolution of its board of directors, petitioner declared another 10 percent dividend on its common stock, payable on November 21, 1956, to its stockholders of record at the close of business on October 23, 1956. The First National City Bank of New York was designated by petitioner as its agent to oversee the distribution of the stock dividend. In connection with and to effect payment of this stock dividend, petitioner accrued in 1956 and paid, as indicated, the following amounts: American Stock Exchange Listing Fee
$ 1,000.00
First National City Bank of New York
Federal original issue tax on 418,176 shares
$ 3,334.32
Purchase and sale of fractional interests
16,663.31
Preparation of a certified list of stockholders
420.85
Addressing envelopes to stockholders
168.34
Enclosing and mailing stock and/or order forms, company
letters and return envelopes to 12,158 stockholders
1,823.70
Enclosing and mailing order forms, company letters, and
return envelopes to 4,675 stockholders
70.13
Issuance of order forms
2,102.10
Issuance of common stock certificates
5,368.40
Cost of envelopes
93.93
Cost of printing order forms, company letters and return
envelopes
638.60
Cost of postage (insured and registered mail)
2,448.88
Cost of postage
111.85
Overtime to post stock dividend
1,384.00
Cost of stationery for stockholders lists
58.77
34,687.18
$35,687.18
*272 During the years 1955 and 1956, the petitioner's capital stock authorization consisted of 5,000,000 shares of $5 par value common stock of which 3,801,601 shares were issued and outstanding as of December 23, 1955. Pursuant to the declaration of the dividend for the year 1955, 380,160 shares of petitioner's previously authorized but unissued common stock were issued to its stockholders on December 23, 1955, bringing to 4,181,769 the total number of shares issued and outstanding. Pursuant to the declaration of the dividend for the year 1956, 418,176 shares of petitioner's previously authorized but unissued common stock were issued to its stockholders on November 21, 1956, bringing to 4,599,945 the number of shares issued and outstanding. The total dollar value arrived at in connection with each dividend, whether paid in cash or stock, was debited on petitioner's books to an account captioned "Dividend Appropriations." Thereafter, at the close of the accounting year, the amount in this account was charged against current earnings for the year. The remaining balance or resulting deficit in current earnings for the year was either credited or debited to earned surplus. Upon declaration *273 of each of the stock dividends the amount of each debit to the Dividend Appropriations account was determined by taking the price per share at which the stock was selling upon the American Stock Exchange on a date at or near the date of declaration, adjusting such value to reflect the issuance of the additional shares and multiplying such value by the the number of shares issued in connection with the stock dividend. In accordance with the petitioner's valuation system, each of the 380,160 shares issued in connection with the 1955 stock dividend was valued at $16 per share, which resulted in a debit to the Dividend Appropriations account in the amount of $6,082,560 and a permanent addition to the Common Capital Stock and Capital Surplus accounts in the same aggregate amount. Similarly, each of the 418,176 shares issued in connection with the 1956 stock dividend was valued at $18 per share, which resulted in a debit to the Dividend Appropriations account in the amount of $7,527,168 and a permanent addition to the Common Capital Stock and Capital Surplus accounts in the same aggregate amount. The petitioner claimed the respective amounts incurred in connection with each stock dividend *274 as a business expense deduction on its return for each of the years 1955 and 1956 and they were disallowed by the Commissioner. During the years 1955 and 1956 the petitioner carried on an integrated natural gas business, including the production, purchase, gathering, transportation, distribution, and sale of natural gas in the States of Arkansas, Louisiana, and Texas. Petitioner also operated a products-extraction plant for the processing of natural gas and the sale of products derived therefrom. A division of the petitioner was engaged in the exploration for and the production of gas and oil. The amounts capitalized in connection with each stock dividend became a permanent addition to the respective capital accounts. The costs incurred by petitioner in connection with the issuance of stock dividends to its shareholders during the years 1955 and 1956 are capital in nature and not deductible as ordinary and necessary business expenses. This case is on all fours with , on appeal (C.A. 8, Feb. 25, 1963). All of the arguments raised by petitioner on brief were there raised and considered. The cited case is controlling of the *275 issue before us. For the reasons there set forth, we sustain the respondent's determination herein. Decision will be entered under Rule 50.